**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern _____ District of New York _____
(State)

Case number (*if known*): _____ Chapter 11

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy     06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | |
|---|---|
| 1. **Debtor's name** | Inversiones Latin America Power Ltda. |
| 2. **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | |
| 3. **Debtor's federal Employer Identification Number** (EIN) | 76.299.635-9 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| Cerro El Plomo 5680 | |
| Number    Street | Number    Street |
| Oficina 1202 | |
| | P.O. Box |
| Las Condes, Santiago, Chile | |
| City            State      ZIP Code | City            State      ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| | |
| County | Number    Street |
| | |
| | City            State      ZIP Code |

5. **Debtor's website** (URL)     https://latampower.com/web/

| Debtor | Inversiones Latin America Power Ltda. | Case number *(if known)*_____ |
|---|---|---|
| | Name | |

---

**6. Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other. Specify: _____

---

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

<u>2</u>   <u>2</u>   <u>1</u>   <u>1</u>

---

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check all that apply:*

  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ☑ A plan is being filed with this petition.

  ☑ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

  ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

| Debtor | <u>Inversiones Latin America Power Ltda</u>. | Case number (if known) _____ |
|---|---|---|
| | Name | |

**9.** **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No

☐ Yes.    District _____    When _____    Case number _____
MM / DD / YYYY

District _____    When _____    Case number _____
MM / DD / YYYY

**10.** **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☑ Yes.    Debtor  See Schedule 1 attached.    Relationship _____

District  Southern District of New York    When _____
MM / DD / YYYY

Case number, if known _____

**11.** **Why is the case filed in *this district*?**

*Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12.** **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?**  (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number        Street

_____

_____
City                                              State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

| Debtor | Inversiones Latin America Power Ltda. | Case number *(if known)*_____ |
|---|---|---|
| | Name | |

**13. Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**
(on a consolidated basis)

☐ 1-49        ☐ 1,000-5,000        ☐ 25,001-50,000
☐ 50-99       ☐ 5,001-10,000       ☐ 50,001-100,000
☐ 100-199     ☐ 10,001-25,000      ☐ More than 100,000
☑ 200-999

**15. Estimated assets**
(on a consolidated basis)

☐ $0-$50,000          ☐ $1,000,001-$10 million    ☐ $500,000,001-$1 billion
☐ $50,001-$100,000    ☐ $10,000,001-$50 million   ☐ $1,000,000,001-$10 billion
☐ $100,001-$500,000   ☐ $50,000,001-$100 million  ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million ☑ $100,000,001-$500 million ☐ More than $50 billion

**16. Estimated liabilities**
(on a consolidated basis)

☐ $0-$50,000          ☐ $1,000,001-$10 million    ☐ $500,000,001-$1 billion
☐ $50,001-$100,000    ☐ $10,000,001-$50 million   ☐ $1,000,000,001-$10 billion
☐ $100,001-$500,000   ☐ $50,000,001-$100 million  ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million ☑ $100,000,001-$500 million ☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  11/30/2023
MM  / DD / YYYY

✗ _____                          Esteban Moraga
Signature of authorized representative of debtor    _____
                                                     Printed name

Title  Chief Executive Officer

| Debtor | Inversiones Latin America Power Ltda. | Case number *(if known)* _____ |
|---|---|---|
| | Name | |

**18. Signature of attorney**

✘ /s/ Oscar N. Pinkas

Signature of attorney for debtor

Date  11/30/2023

MM   / DD / YYYY

Oscar N. Pinkas, Esq.

Printed name

Greenberg Traurig, LLP

Firm name

One Vanderbilt Avenue

Number     Street

New York                                    NY        10017

City                                                State      ZIP Code

(212) 801-9200                              pinkaso@gtlaw.com

Contact phone                               Email address

4528824                                          NY

Bar number                                      State

Debtor  <u>Inversiones Latin America Power Ltda.</u>                    Case number *(if known)*_____

# __SCHEDULE 1__

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities listed below (collectively, the "<u>Debtors</u>"), filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the Southern District of New York.  The Debtors have moved for joint administration of these cases for procedural purposes only under the case number assigned to the chapter 11 case of Inversiones Latin America Power Ltda.

1. Inversiones Latin America Power Ltda.
2. San Juan S.A.
3. Norvind S.A.

**MANAGER'S RESOLUTION AND POWER OF ATTORNEY**

**INVERSIONES LATIN AMERICA POWER LIMITADA**

**TO**

**ESTEBAN MORAGA MORALES AND OTHERS**

In **SANTIAGO DE CHILE**, on the 27th day of November, appears **LATIN AMERICA POWER S.A.,** a closed corporation, tax identification number seventy-six million one hundred sixty-six thousand one hundred fifty-seven dash four, in its capacity as the "Managing Partner" of **INVERSIONES LATIN AMERICA POWER LIMITADA,** a limited liability company, tax identification number seventy-six million two hundred ninety-nine thousand six hundred thirty-five dash nine, duly represented by Mr. **Esteban Moraga Morales**, Chilean, married, engineer, national identity card number thirteen million six hundred sixty-nine thousand three hundred forty-nine dash two, and Mrs. **Francisca Pérez Castillo,** Chilean, married, lawyer, national identity card number seventeen million eighty eight thousand two hundred and fifty three dash nine; all residing for these purposes at Cerro El Plomo five thousand six hundred eighty, office twelve hundred two, Las Condes commune, Metropolitan Region; The undersigned, agree and state:

**FIRST: Precedents.**

**One.One. Incorporation.** Inversiones Latin America Power Limitada, tax identification number seventy-six million two hundred ninety-nine thousand six hundred thirty-five dash nine, hereinafter also referred to as the "Company" or "ILAP", is a limited liability company established by public deed dated June fourteenth, two thousand thirteen, granted at the Notary Office of Santiago by Mr. Patricio Zaldívar Mackenna, under protocol number ten thousand seventy-seven dash two thousand thirteen. An excerpt from said public deed was registered on page forty-six thousand one hundred twenty-one, number thirty-eight thousand three of the Trade Registry of the Property Registrar of Santiago for the year two thousand thirteen, and was published in the Official Gazette on June eighteenth of the same year.

**One.Two. Amendments.** As of the present date, the Company has undergone various amendments, with the most recent being agreed upon by public deed dated October eighteenth, two thousand twenty-three, granted at the Notary Office of Santiago by Mr. Luis Ignacio Manquehual Mery. The extract of this deed is currently in the process of registration in the Trade Registry of Santiago, along with its publication in the Official Gazette.

**One.Three. Administration.** In accordance with Article Seventh of the Company's bylaws, the administration and representation of the Company, as well as the use of its business name, belong to Latin America Power S.A., hereinafter referred to as the "Managing Partner". The exercise of such authority is to be carried out through its attorneys-in-fact, with all the powers indicated in Article Eighth of the Company's bylaws, or alternatively, through attorneys-in-fact specifically appointed for this purpose through a notarized private instrument or a public deed, with the powers expressly granted to them.

**One.Four. Restructuring. /i/** The Chilean energy market has been greatly affected over the past several years by, among other things, the Chilean government's focus on renewable energy, resulting

in increased competition; Covid-19 construction delays and high energy costs; increased government intervention in connection with the Tariff Stabilization Law and MPC Law, impacting receivables; and environmental factors resulting in decreased energy generation, which have negatively impacted the financial situation of the Company and its subsidiaries, San Juan S.A. ("San Juan") and Norvind S.A. ("Norvind" and, collectively with San Juan and the Company, the "Companies"), in response, the Company's management has been actively working to find solutions that benefit consumers while also providing security and stability to all stakeholders in the sector. **/ii/** The Company, parent to Norvind and San Juan, issued and placed notes in the United States market in 2021 for a total of USD $403 million, with a maturity date of June 15, 2033, subject to Rule 144A and Regulation S of the U.S. Securities Act of 1933 and its amendments, for the financing of San Juan and Norvind's projects. San Juan and Norvind are guarantors of ILAP's obligations with respect to the notes issued. **/iii/** On July 3, 2023, the Companies entered into a *Standstill and Forbearance Agreement* (the "Agreement") with noteholders representing more than 75% (the "Holders") of the outstanding principal amount of the secured notes at a rate of 5.125% due in 2033, issued in accordance with the *Indenture* dated June 15, 2021. **/iv/** During the term of the Agreement, the Companies and the Holders negotiated and analyzed various strategic options and alternatives to address the liquidity situation of the Companies. These negotiations concluded, firstly, on the execution of a document known as the *Restructuring Support Agreement* ("RSA"). The RSA sets the foundation for initiating a voluntary reorganization process under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York or at another court agreed upon by the majority of creditors participating in the RSA (such court, the "Bankruptcy Court", and such process, the "Chapter 11 Proceeding"). The purpose of the Chapter 11 Proceeding is to obtain the approval of a plan that allows for the restructuring of ILAP's debt in accordance with the terms and conditions agreed upon in the document referred to as the *Restructuring Term Sheet*, attached to the RSA (the "Restructuring"). **/v/** The RSA outlines the framework through which ILAP intends to restructure its debt, for which it is preparing a set of documents that describe the restructuring plan to be filed in the Chapter 11 Proceeding in a detailed manner (the "Plan"), including, but not limited to, the *Disclosure Statement*, *Indenture of SSN and SPN, Indenture of the Convertible Notes*, and *Sales Facilitation Agreement*, among others. **/vi/** The Companies intend to initiate the Chapter 11 Proceeding within the upcoming days, with the aim of completing the process entirely within the first quarter of 2024. **/vii/** The Restructuring set forth in the RSA and the Plan will become effective on the date when the conditions precedent for the plan's effectiveness are met or waived by the majority of the creditors party to the RSA.

**SECOND: Manager's Resolution.**

By means of this instrument, the Managing Partner, duly represented as indicated in the appearance of this instrument, and having seen the latest versions of the Plan, hereby:

(i)    Authorizes the Company to enter into, sign, and execute the Plan, along with all its annexes and supplementary documents, including, merely illustratively, the *Disclosure Statement*, the *SSN and SPN Indenture, the Convertible Notes Indenture*, and the *Sales Facilitation Agreement*, among others, as well as all acts and contracts necessary to obtain and implement said agreements and/or carry out, execute, and complete the Restructuring. The Managing Partner hereby ratifies expressly and in full any act, contract, or document executed by the Company to date in connection with the Plan and the Restructuring, with such acts or contracts being fully binding on the Company, assuming all rights and obligations arising from them.

(ii)   Approves and authorizes the commencement of the Chapter 11 Proceeding and the filing and application for approval of the Plan (as amended or modified from time to time, and including all exhibits and supplements thereto), along with any supplementary documents.

(iii)  Grants special powers of attorney, as broad as legally required, to Mr. Esteban Moraga Morales, ID Number 13.669.349-2, Oscar Morales Cabellos, ID Number 23.579.343-1, Vicente Orueta Burchard, ID Number 18.391.766-8, and Ms. Francisca Pérez Castillo, ID Number 17.088.253-9, (each, an "Authorized Signatory" and collectively, the "Authorized Signatories"), who may, acting individually any one of them, or with one or more other Authorized Signatory, and by preceding their signature with the Company's name, represent the Company, in Chile or abroad, in the subscription and execution of the Plan and its annexes and supplementary documents, including, merely illustratively, the *Disclosure Statement*, the *SSN and SPN Indenture, the Convertible Notes Indenture*, and the *Sales Facilitation Agreement*, among others, as well as in all types of named or unnamed acts or contracts, whether by public or private instruments related to the foregoing. The Authorized Signatories may make all kinds of statements and warranties, contractual forms and modalities, negotiate and agree on all kinds of covenants or stipulations, whether in Spanish, English, or other languages, including submission to foreign law and courts, in all acts and contracts entered into by the Company; they may include all kinds of clauses in said acts and contracts, whether essential, natural, or merely incidental, with the broadest powers. The Authorized Signatories may carry out each and every action deemed necessary, appropriate, or convenient to consummate the contemplated Restructuring under the Bankruptcy Code, including, without limitation, any action necessary to maintain the ordinary course of business operations of the Company. Furthermore, the Authorized Signatories may execute, acknowledge, verify, deliver, and present all other agreements, documents, instruments, and certificates, and take other actions that may be necessary, suitable, or appropriate to carry out the intent and purposes of the resolutions contained herein. Each Authorized Signatory of the Company is authorized to certify to third parties with respect to the adoption of these resolutions in form and substance satisfactory to such party.

(iv)  Grants special powers of attorney to the Retained Professionals (as defined herein, and together with the individuals designated in section (iii) above, the "Attorneys-in-fact") so that, acting individually, each of them may, on behalf and in representation of the Company:

(a)   Prepare a plan of reorganization or liquidation for the consideration and approval of creditors and the Bankruptcy Court. Execute and submit on behalf of the Company all petitions, attachments, schedules, and other motions, writings, or documents, and to take any actions they deem necessary, appropriate, or convenient to ensure the proper submission, execution, and implementation of the Chapter 11 Proceeding and the Plan, including, without limitation, any measures necessary to maintain the Company's ordinary course of business.

(b)   Represent and assist the Company in fulfilling its obligations under the Bankruptcy Code, and take all necessary measures to assert the rights and obligations of the Company. They are also authorized to execute the relevant retention agreements, make payments for retentions and fees, and to file, with the Bankruptcy Court, an application for authorization to engage and pay for the services of Lazard Frères & Co. LLC, as investment banker; Greenberg Traurig, LLP, as U.S. legal advisor; Barros, Silva, Varela & Vigil Abogados Limitada, as Chilean legal advisors; and Epiq Corporate

Restructuring, LLC, as noticing and claims agent (collectively, the "Retained Professionals"). Each Authorized Signatory is authorized, empowered, and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each Authorized Signatory, with power of delegation, is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary, proper, or convenient.

(c)    Request the approval of one or more motions authorizing the use of cash collateral, as defined in section 363(a) of the Bankruptcy Code, and, to the extent necessary, the obtaining of financing during the Chapter 11 Proceeding known as debtor-in-possession financing ("DIP Financing") in accordance with the terms agreed upon in the RSA and the Restructuring Term Sheet. To this end, the Attorneys-in-fact may negotiate, execute, and deliver each and every agreement, instrument, or document, on behalf of the Company, that is necessary for use of cash collateral, as well as any additional or subsequent agreement to implement any DIP Financing. These may include, without limitation, the creation of liens in favor of existing lenders and any other agreement, instrument, or document that must be executed and delivered in connection therewith. All of this is subject to any changes and additions approved by any of the Attorneys-in-fact. Such approval shall be conclusively proven by the adoption of such measure or by the execution and delivery thereof, subject to the approval of the Bankruptcy Court.

**THIRD**: **Effectiveness and Ratification.**

It is expressly noted that the powers granted hereby do not revoke any other power previously granted by the Company before this date, which remain fully valid and in force.

All acts and deeds previously carried out by any of the Authorized Signatories, prior to the adoption of the aforementioned resolutions, that fall within the authority granted by these, are hereby ratified, confirmed, and approved, in all respects, as authorized acts and deeds of the Company.

*[Remainder of page is intentionally blank]*

**AUTHORIZATIONS.**

The authority of Mr. Esteban Moraga Morales and Mr. Oscar Morales Cabellos to represent **LATIN AMERICA POWER S.A.** is documented in a public deed dated March thirteenth, two thousand twenty-three, granted at the Notary Office of Santiago by Mr. Luis Manquehual Mery.

The aforementioned authorizations are not included as they are known to the Parties and the Public Notary authorizing this document. As proof, and after reading, the appearing parties sign. Copies are provided. I certify.

_____
Esteban Moraga Morales
pp. **LATIN AMERICA POWER S.A.**

_____
Oscar Morales Cabellos
pp. **LATIN AMERICA POWER S.A.**

**ACUERDO DE ADMINISTRADOR Y PODER ESPECIAL**

**INVERSIONES LATIN AMERICA POWER LIMITADA**

**A**

**ESTEBAN MORAGA MORALES Y OTROS**

En Santiago de Chile, a 27 de noviembre de 2023, **LATIN AMERICA POWER S.A.**, sociedad anónima cerrada, rol único tributario número setenta y seis millones ciento sesenta y seis mil ciento cincuenta y siete guion cuatro, en su calidad de "Socio Administrador" de **INVERSIONES LATIN AMERICA POWER LIMITADA,** sociedad de responsabilidad limitada, rol único tributario número setenta y seis millones doscientos noventa y nueve mil seiscientos treinta y cinco guion nueve, debidamente representada por don **Esteban Moraga Morales**, chileno, casado, ingeniero, cédula nacional de identidad número trece millones seiscientos sesenta y nueve mil trescientos cuarenta y nueve guion dos, y doña **Francisca Pérez Castillo**, chilena, casado, abogada, cédula de identidad número diecisiete millones ochenta y ocho mil doscientos cincuenta y tres guion nueve; todos domiciliados para estos efectos en Cerro El Plomo cinco mil seiscientos ochenta, oficina mil doscientos dos, comuna de Las Condes, Región Metropolitana; han acordado y exponen lo siguiente:

<u>PRIMERO</u>: **Antecedentes.**

**Uno.Uno. Constitución.** La sociedad Inversiones Latin America Power Limitada, rol único tributario número setenta y seis millones doscientos noventa y nueve mil seiscientos treinta y cinco guion nueve, en adelante también la "<u>Sociedad</u>" o "<u>ILAP</u>", es una sociedad de responsabilidad limitada constituida mediante escritura pública de fecha catorce de junio de dos mil trece, otorgada en la Notaría de Santiago de don Patricio Zaldívar Mackenna, bajo el repertorio número diez mil setenta y siete guion dos mil trece. Un extracto de dicha escritura pública se inscribió a fojas cuarenta y seis mil ciento veintiuno, número treinta mil ochocientos tres del Registro de Comercio del Conservador de Bienes Raíces de Santiago correspondiente al año dos mil trece, y se publicó en el Diario Oficial con fecha dieciocho de junio del mismo año.

**Uno.Dos. Modificaciones.** A la fecha, la Sociedad ha sido objeto de diversas modificaciones, siendo la última de ellas la acordada por escritura pública de fecha dieciocho de octubre de dos mil veintitrés, otorgada en la Notaría de Santiago de don Luis Ignacio Manquehual Mery, cuyo extracto se encuentra en proceso de inscripción en el Registro de Comercio de Santiago, al igual que su publicación en el Diario Oficial.

**Uno.Tres. Administración.** En conformidad con el artículo Séptimo de los estatutos de la Sociedad, la administración y representación de la Sociedad y el uso de su razón social le corresponde al socio Latin America Power S.A., en adelante, el "<u>Socio Administrador</u>", a quien corresponde ejercerla por medio de sus apoderados, con todas las facultades indicadas en el artículo Octavo de los estatutos sociales, o bien, a través de apoderados especialmente designados al efecto por medio de instrumento privado protocolizado o por escritura pública, con aquellas facultades que expresamente se les otorguen.

**Uno.Cuatro. Restructuración.** /i/ El mercado energético chileno se ha visto altamente afectado en los últimos años por, entre otros factores, el enfoque del gobierno en energía renovable,

incrementando la competencia, las demoras en construcción debido al Cvodi-19 y los altos valores de la energía, la intervención estatal en relación con las leyes de mecanismos de estabilización de precio, y factores medioambientales que han disminuido la generación de energía, los que han impactado negativamente la situación financiera de la Sociedad y de sus filiales, San Juan S.A. ("San Juan") y Norvind S.A. ("Norvind" y conjuntamente con San Juan y la Sociedad, las "Sociedades"), situación frente a la cual la administración de la Sociedad ha trabajado activamente con el fin de encontrar soluciones que beneficien a los consumidores y, al mismo tiempo, aporten seguridad y estabilidad a todos los actores del sector. /**ii**/ La Sociedad, matriz de las sociedades Norvind y San Juan el 2021 emitió y colocó bonos en el mercado de los Estados Unidos de América por un total de USD $403 millones, con vencimiento al 15 de junio de 2033, sujeta a la regla 144 A y a la regulación S de la Ley de Valores de los Estados Unidos de América de 1933 y sus modificaciones, con el fin de financiar los proyectos de San Juan y Norvind. San Juan y Norvind son garantes de las obligaciones de ILAP con respecto a los bonos emitidos. /**iii**/ Con fecha 3 de julio de 2023 las Sociedades celebraron un acuerdo de suspensión y prórroga (el "Acuerdo") (*Standstill and Forbearance Agreement*) con tenedores de bonos que representan más del 75% (los "Tenedores de Bonos") del monto de capital insoluto de sus bonos preferentes garantizados a tasa de 5,125% con vencimiento en 2033, emitidos de conformidad con el *Indenture* de fecha 15 de junio de 2021. /**iv**/ Durante la vigencia del Acuerdo, las Sociedades y los Tenedores de Bonos han negociado y analizado distintas opciones estratégicas y alternativas para hacer frente a la situación de liquidez de las Sociedades. Estas negociaciones concluyeron, en primer lugar, en la celebración del documento denominado *Restructuring Support Agreement* ("RSA"). El RSA establece las bases para iniciar, dentro de los próximos días, un proceso de reorganización voluntario bajo el capítulo 11 del Título 11 del Código de Estados Unidos (el "Código de Quiebras") en la Corte de Quiebras de los Estados Unidos para el Distrito Sur de Nueva York o en otra corte que se acuerde con la mayoría de los Tenedores de Bonos que forman parte del RSA (en adelante, dicha corte, el "Tribunal de Quiebras" y dicho procedimiento, el "Procedimiento del Capítulo 11"). El fin del Procedimiento del Capítulo 11 es obtener la aprobación de un plan que permita reestructurar la deuda de ILAP, conforme a los términos y condiciones acordados previamente en el documento denominado *Restructuring Term Sheet*, adjunto al RSA (la "Restructuración"). /**v**/ El RSA contiene el marco en virtud del cual ILAP espera restructurar su deuda, para la cual se están preparando una serie de documentos que describan en detalle el plan de restructuración a presentar en el Procedimiento del Capítulo 11(el "Plan"), incluyendo, no por ello limitando, el documento denominado *Disclosure Statement*, *Indenture of SSN and SPN, Indenture of the Convertible Notes*, *Sales Facilitation Agreement*, entre otros. /**vi**/ Las Sociedades tienen la intención de iniciar el Procedimiento del Capítulo 11 dentro de los próximos días, esperando terminar completamente el proceso dentro del primer trimestre de 2024. /**vii**/ La Restructuración establecida en el RSA y en el Plan entrará en vigencia en la fecha en que se cumplan, o se renuncien por la mayoría de los acreedores parte del RSA, las condiciones previas para la efectividad del Plan.

**SEGUNDO: Acuerdo de Administrador.**

Por el presente instrumento, el Socio Administrador, debidamente representado como se indica en la comparecencia de este instrumento, y teniendo a su disposición las versiones actuales y/o casi finalizadas del Plan, viene en:

(i)     Autorizar que la Sociedad celebre, suscriba y otorgue el Plan, y todos sus anexos y documentos complementarios, dentro de los cuales se encuentran, a modo meramente ilustrativo, y sin que la enumeración siguiente sea taxativa, los documentos denominados *Disclosure Statement*, *Indenture of SSN and SPN, Indenture of the Convertible Notes, Sales Facilitation Agreement*, entre otros, así como todos los actos y contratos que sean necesarios para obtener y materializar dichos acuerdos y/o presentar, ejecutar y completar el Plan y la Restructuración, según lo

indicado en la cláusula primera del presente instrumento. El Socio Administrador ratifica expresa e íntegramente todo acto, contrato o documento suscrito a la fecha por la Sociedad con ocasión del Plan y la Restructuración, siéndole tales actos o contratos plenamente oponibles a la Sociedad, asumiendo la totalidad de los derechos y obligaciones que de ellos emanan.

(ii)    Aprobar y autorizar el inicio del Procedimiento del Capítulo 11 y la presentación y solicitud de aprobación del Plan (en su versión enmendada o modificada en cada momento e incluyendo todos los anexos y suplementos del mismo, según lo contempla el RSA), junto a todos sus documentos complementarios.

(iii)    Otorgar poder especial, pero tan amplio como en derecho se requiera, a los señores Esteban Moraga Morales, cédula de identidad N° 13.669.349-2, Óscar Morales Cabellos, cédula de identidad N° 23.579.343-1, Vicente Orueta Burchard, cédula de identidad N° 18.391.766-8 y doña Francisca Pérez Castillo, cédula de identidad N° 17.088.253-9, (cada uno de ellos, un "Apoderado", y conjuntamente los "Apoderados"), quienes podrán, actuando individualmente uno cualquiera de ellos, o con uno o más Apoderados, y anteponiendo a su firma la razón social, representar a la Sociedad, en Chile o en el extranjero, en la suscripción y ejecución del Plan y de sus anexos y documentos complementarios, entre los cuales se encuentran, a modo meramente ilustrativo, y sin que la enumeración siguiente sea taxativa, los documentos denominados *Disclosure Statement, Indenture of SSN and SPN, Indenture of the Convertible Notes, Sales Facilitation Agreement*, entre otros, así como en todo tipo de actos o contratos nominados o innominados, ya sea mediante instrumentos públicos o privados, que digan relación con el objeto de este instrumento. Los Apoderados pueden efectuar toda clase de declaraciones y garantías, formas y modalidades contractuales, pudiendo negociar y acordar toda clase de pactos o estipulaciones sean en idioma español, inglés u otro, incluyendo someterse a la ley y tribunales extranjeros, en todos los actos y contratos que celebre la Sociedad; pudiendo incorporar todo tipo de cláusulas a dichos actos y contratos, y sean de la esencia, de la naturaleza o meramente accidentales, con los más amplios poderes. Los Apoderados pueden llevar a cabo todas y cada una de las acciones que se consideren necesarias, apropiadas o convenientes para llevar a cabo la Reorganización en virtud del Código de Quiebras, incluyendo, sin limitación, cualquier acción necesaria para mantener el curso ordinario de operaciones del negocio de la Sociedad. Además, los Apoderados pueden ejecutar, reconocer, verificar, entregar y presentar todos los demás acuerdos, documentos, instrumentos y certificados, y tomar otras medidas que puedan ser necesarias, adecuadas o apropiadas para llevar a cabo la intención y los propósitos de las resoluciones contenidas en el presente. Cada Apoderado de la Sociedad queda autorizado para certificar a terceros con respecto a la adopción de estas resoluciones en la forma y sustancia que satisfaga a dicha parte.

(iv)    Otorgar poderes especiales de representación a los Profesionales Retenidos (según se define en este documento y junto con los Apoderados, los "Mandatarios"), de manera que, actuando individualmente, cada uno de ellos pueda, en nombre y representación de la Sociedad:

(a)    Elaborar un plan de reorganización o liquidación para la consideración y aprobación de los acreedores y el Tribunal de Quiebras. Ejecutar y presentar en nombre de la Sociedad todas las peticiones, anexos, listas y otros escritos, mociones, documentos y tomar las acciones que consideren necesarias, apropiadas o convenientes para asegurar la correcta presentación, ejecución e implementación del Plan y del Procedimiento del Capítulo 11, incluyendo, sin limitación, cualquier medida necesaria para mantener el curso ordinario de los negocios de la Sociedad.

(b)    Representar y asistir a la Sociedad en el cumplimiento de sus obligaciones en virtud del Código de Quiebras, y adoptar todas y cada una de las medidas necesarias para promover los derechos y obligaciones de la Sociedad; quedando asimismo facultado para ejecutar los acuerdos de retención que correspondan, pagar las retenciones y honorarios, y hacer que se presente, ante el Tribunal de Quiebras competente, una solicitud de autorización para contratar y pagar la retención de los servicios de Lazard Frères & Co. LLC como banquero de inversiones, Greenberg Traurig, LLP como asesor jurídico estadounidense y Barros, Silva Varela & Vigil Abogados Limitada como asesores jurídicos chilenos; y Epiq Corporate Restructuring, LLC como agente de notificación y reclamaciones (conjuntamente, los "<u>Profesionales Retenidos</u>"). Cada Apoderado está autorizado, facultado y dirigido a emplear a cualquier otro profesional para ayudar a la Sociedad en el cumplimiento de sus obligaciones bajo el Código de Quiebras; y en relación con ello, a cada Apoderado, con poder de delegación, se le autoriza, facultada y ordena por la presente a ejecutar acuerdos de retención apropiados, pagar honorarios y retenciones adecuadas, y presentar una solicitud apropiada para obtener la autorización de retener los servicios de cualquier otro profesional que sea necesario, adecuado o conveniente.

(c)    Solicitar la aprobación de una o más órdenes o mociones que autoricen el uso de garantías líquidas, según se define en la sección 363(a) del Código de Quiebras, y, en la medida necesaria, la obtención de financiamiento en el Procedimiento del Capítulo 11 conocido como financiamiento de deudor en posesión ("<u>DIP Financing</u>") por parte de la Sociedad de acuerdo con los términos acordados en el RSA y el *Restructuring Term Sheet*. Para lo anterior, los Mandatarios podrán negociar, ejecutar y entregar todos y cada uno de los acuerdos, instrumentos o documentos, por o en nombre de la Sociedad, que sean necesarios para usar garantías líquidas, así como cualquier acuerdo adicional o ulterior para implementar el DIP Financing. Lo anterior puede incluir, sin por ello limitar, la constitución de gravámenes en favor de los prestamistas existentes y cualquier otro acuerdo, instrumento o documento que deba ejecutarse y entregarse en relación con los mismos, todo ello con los cambios y adiciones que apruebe cualquiera de los Mandatarios, aprobación que quedará probada, de forma concluyente, por la adopción de dicha medida o por la ejecución y entrega de los mismos, con sujeción a la aprobación del Tribunal de Quiebras.

**<u>TERCERO</u>: Vigencia y ratificación.**

Se deja expresa constancia que los poderes otorgados en el presente instrumento no revocan ningún otro poder que se hubiere otorgado por la Sociedad con anterioridad a esta fecha, los que permanecen plena e íntegramente vigentes.

Todos los actos y hechos previamente realizados por cualquiera de los Apoderados, con anterioridad a esta fecha, que estén dentro de la autoridad conferida a estos, en virtud del presente instrumento, quedan, por este acto, ratificados, confirmados y aprobados, en todos los aspectos, como actos y hechos autorizados de la Sociedad.

**PERSONERÍAS.**

La personería de don Esteban Moraga Morales y doña Francisca Pérez Castillo para representar a **LATIN AMERICA POWER S.A.** consta de escritura pública de fecha trece de marzo de dos mil veintitrés, ambas otorgadas en la Notaría de Santiago de don Luis Manquehual Mery.

_____
Esteban Moraga Morales
p.p. **LATIN AMERICA POWER S.A.**
en representación de **INVERSIONES LATIN AMERICA POWER LIMITADA**

_____
Francisca Pérez Castillo
p.p. **LATIN AMERICA POWER S.A.**
en representación de **INVERSIONES LATIN AMERICA POWER LIMITADA**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| **INVERSIONES LATIN AMERICA POWER LTDA.,** | Case No. 23-[XXXXX (●)] |
| Debtor. | |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a governmental unit, that directly or indirectly own 10% or more of any class of the Debtor's equity interests:

| Shareholder | Approximate Percentage of Issued and Outstanding Interests Held |
|---|---|
| Latin America Power S.A. | 99.9999% of membership interests of Inversiones Latin America Power Ltda. |
| LAP Renewables B.V. | 99% of equity interests of Latin America Power S.A. |

*[Remainder of page is intentionally blank]*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | **Chapter 11** |
| **INVERSIONES LATIN AMERICA POWER LTDA.,** | **Case No. 23-[XXXXX (●)]** |
| **Debtor.** | |

### LIST OF EQUITY SECURITY HOLDERS

| <u>Name</u> | <u>Address</u> | <u>Percentage of Issued</u><br><u>and Outstanding</u><br><u>Interests</u> |
|---|---|---|
| Latin America Power S.A. | Cerro El Plomo 5680<br>Oficina 1202<br>Las Condes<br>Santiago, Chile | 99.99% |
| LAP Renewables B.V. | Herikerbergweg 88<br>1101 CM Amsterdam<br>The Netherlands | < 1.0% |

*[Remainder of page is intentionally blank]*

| Fill in this information to Identify the case: |
| --- |
| Debtor Name:     Inversiones Latin America Power Ltda. |
| United States Bankruptcy Court for the:     Southern District of New York |
| Case Number (If known): |

☐ Check if this is an amended filing

## Official Form 204

# Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A consolidated list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | ENEL GENERACION CHILE S.A. SANTA ROSA 76 PISO 17 REGION METROPOLITANA SANTIAGO  8330099 CHILE | RECAUDACION.CLIENTES@ENEL.COM | TRADE CLAIM | | | | $9,140,666.94 |
| 2 | TRANSELEC S.A AVENIDA ORINOCO 90 PISO 14 LAS CONDES SANTIAGO  7560970 CHILE | PAGOS@TRANSELEC.CL | TRADE CLAIM | | | | $429,408.79 |
| 3 | VESTAS CHILE TURBINAS EOLICAS LOS MILITARES 4611 LAS CONDES REGION METROPOLITANA SANTIAGO  CHILE | MAOFA@VESTAS.COM | TRADE CLAIM | | | | $291,331.39 |
| 4 | CLARO Y CIA AV APOQUINDO 3721 PISO 14 LAS CONDES SANTIAGO CHILE | PHONE: +562 2367 3000 | TRADE CLAIM | | | | $130,482.90 |
| 5 | AGRICOLA KONAVLE CARRIZALILLO KM. 114 S/N FREIRINA CHILE | JUANPROKURICA@HOTMAIL.COM | LEASE | | | | $52,943.80 |
| 6 | COLBUN SA AV. APOQUINDO 4775 PISO11 LAS CONDES SANTIAGO  7580097 CHILE | PHONE: +56 2 2460 4000 RECEPCION@COLBUN.CL | TRADE CLAIM | | | | $40,578.67 |

**Debtor:** Inversiones Latin America Power Ltda.                    Case Number (if known):

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7 | GERARDO FINDEL WESTERMEIER AV. BALMACEDA 595 LA SERENA COQUIMBO CHILE | | TRADE CLAIM | | | | $27,269.57 |
| 8 | ELOY SEGURIDAD EIRL ABEL ARMAND 2156 VALLENAR ATACAMA  1611677 CHILE | ELOYSEGURIDAD@GMAIL.COM | TRADE CLAIM | | | | $20,010.06 |
| 9 | SOCIEDAD SERVICIOS TECNOLOGICOS Y TELECOMUNICACIONES TELCONOR LIMITADA AV. MANUEL ANTONIO MATTA 150, PISO 2 REGION METROPOLITANA SANTIAGO  1700000 CHILE | CSALINAS@TELCONOR.CL | TRADE CLAIM | | | | $18,009.86 |
| 10 | DIEGO DE ALMAGRO SOLAR SPA AV. CERRO EL PLOMO 5420 OFICINA 402 LAS CONDES REGION METROPOLITANA SANTIAGO  7560742  CHILE | PHONE: 226048111 C.MENESES@S-ENERGY.COM | TRADE CLAIM | | | | $16,385.04 |
| 11 | SOCIEDAD DE MONTAJES ELECTRICOS RCA LTDA AVENIDA LA CANTERA Nº 1998 REGION DE COQUIMBO  1780000 CHILE | PHONE: (51) 2278848 CONTACTO@RCAELEC.CL | TRADE CLAIM | | | | $16,020.07 |
| 12 | ESTUDIOS ELECTRICOS CHILE S.A. MANQUEHUE NORTE 160, OF. 41-1 LAS CONDES, SANTIAGO CHILE | PHONE: 232468750 INFO@ESTUDIOS-ELECTRICOS.COM | TRADE CLAIM | | | | $12,125.47 |
| 13 | FUNDACION HUELLA LOCAL PUMA 1180, 8420189 RECOLETA REGION METROPOLITANA CHILE | | TRADE CLAIM | | | | $11,679.99 |
| 14 | CHESTER SOLAR IV SPA AV. APOQUINDO 6410 OF 704 REGION METROPOLITANA LAS CONDES  7560903  CHILE | C.MENESES@S-ENERGY.COM; A.HACHUN@S-ENERGY.COM; A.HACHUN@S-ENERGY.COM | TRADE CLAIM | | | | $10,695.41 |
| 15 | SOC DE INVERSIONES LAS VEGAS AVDA FCO DE AGUIRRE 0225 LA SERENA, COQUIMBO CHILE | MARENAS@ILV.CL | TRADE CLAIM | | | | $7,409.21 |
| 16 | LA ACACIA SPA AV. APOQUINDO 6410 OF 704 REGION METROPOLITANA LAS CONDES  7560903  CHILE | INTERCAMBIO@DTE.NUBOX.COM; A.HACHUN@S-ENERGY.COM; C.MENESES@S-ENERGY.COM | TRADE CLAIM | | | | $6,811.29 |
| 17 | SEGURIDAD Y SALUD SUR LTDA AVDA. PRESIDENTE IBANEZ 150 PUERTO MONTT, LOS LAGOS CHILE | SEGURISUMEDICAL@GMAIL.COM | TRADE CLAIM | | | | $5,731.93 |

Debtor: Inversiones Latin America Power Ltda.                                    Case Number (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 18  ENEL DISTRIBUCION CHILE S.A. AV. STA. ROSA 76 PISO 17 REGION METROPOLITANA SANTIAGO  8330099 CHILE | DTE.GRUPOENELCHILE@ENEL.COM; GERARDO.PINTO@ENEL.COM; JAIME.GARCIA@ENEL.COM; JOSE.MATUSKA@ENEL.COM | TRADE CLAIM | | | | $5,038.04 |
| 19  CINERGIA CHILE SPA MARCO BRAMANTE CERRO EL PLOMO N° 5630 PISO 9 LAS CONDES, SANTIAGO CHILE | PHONE: (56 9) 8294 9156 KAMEONE.EMP@GMAIL.COM; CSAAVEDRA@CINERGIA.CL; PORTALDEPAGOS@IGX.CL | TRADE CLAIM | | | | $4,552.57 |
| 20  CIA BARRICK CHILE GENERACION LTDA CHILE AVDA. RICARDO LYON 222, PISO 8 PROVIDENCIA, SANTIAGO  7500000 CHILE | CVILLALOBOST@BARRICK.COM | TRADE CLAIM | | | | $4,218.04 |
| 21  JORPA INGENIERIA SA DRESDEN 4672 SANTIAGO  8930009 CHILE | CDYSLI@JORPA.CL | TRADE CLAIM | | | | $3,884.23 |
| 22  PV SALVADOR SA AVENIDA LA DEHESA 181 208, LAS CONDES, SANTIAGO  7710112 CHILE | DISLER@ETRION.COM | TRADE CLAIM | | | | $3,835.15 |
| 23  HIDROLECTRICA LA CONFLUENCIA CHACABUCO 792 LC 21 EDIFICIO ALTO SAN FE , SAN FERNANDO, SANTIAGO, VI REGION DEL LIBERTADOR GENERAL BERNARDO LA RUFINA SAN FERNANDO, OHIGGINS  CHILE | CONFLUENCIA_DTE@TENERGIA.CL | TRADE CLAIM | | | | $3,806.60 |
| 24  BARROS Y ERRAZURIZ ABOGADOS LTDA ISIDORA GOYENECHEA 2939 LAS CONDES, SANTIAGO CHILE | CLLANES@BYE.CL | TRADE CLAIM | | | | $3,418.66 |
| 25  HIDROELECTRICA LA HIGUERA S.A ISIDORA GOYENECHEA 3520, 7550071 LAS CONDES, REGION METROPOLITANA SANTIAGO CHILE | HIGUERA_DTE@TENERGIA.CL | TRADE CLAIM | | | | $2,346.87 |
| 26  HIDROSANTIAGO SPA AV. PROVIDENCIA 1208, OFICINA 1603 SANTIAGO  7500571 CHILE | PHONE: 966974041 AANDRADES@HIDROSANTIAGO.CL | TRADE CLAIM | | | | $2,232.28 |
| 27  ESTEYCO CHILE SPA BADAJOZ 130, 7560908 LAS CONDES, REGION LAS CONDES, SANTIAGO  7560908 CHILE | CARLOSF@ESTYCO.COM | TRADE CLAIM | | | | $2,154.36 |

**Debtor:** Inversiones Latin America Power Ltda.                    **Case Number** (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 28   CENTRAL COLMITO S.A VICTORIA SALINAS CERRO EL PLOMO 5680 PISO 15, OFICINA 1501 LAS CONDES, SANTIAGO  CHILE | PHONE: 228207113 FACTURACION@ICPOWER.CL ; WINDTE_DTE@CUSTODIUM. COM; JAVIER.PUJOL@INKIAENERG Y.COM; MARCIA.GALAZ@INKIAENER GY.COM | TRADE CLAIM | | | | $2,058.36 |
| 29   CORPORACION NACIONAL DEL COBRE CHILE FRANCISCO DANITZ MILLER HUERFANOS 1270 SANTIAGO CHILE | PHONE: 223922398 CODELCORECEPCION@CUST ODIUM.COM; CVALD027@CODELCO.CL; JCARD014@CODELCO.CL | TRADE CLAIM | | | | $2,048.25 |
| 30   NORNERTO ELGUETA ALUCENA LA MANGA 2 VILLAHERMOSA  86068 MEXICO | PHONE: 946193179 NELGUETA06@GMAIL.COM | TRADE CLAIM | | | | $1,926.45 |

| Fill in this information to identify the case and this filing: |
| --- |
| Debtor Name __Inversiones Latin America Power Ltda.__ |
| United States Bankruptcy Court for the: __Southern__ District of __NY__<br>(State) |
| Case number (*If known*): _____ |

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors        12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* ____

☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑ Other document that requires a declaration__Corporate Ownership Statement, List of Equity Security Holders__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __11/30/2023__          ✗ _____
         MM / DD / YYYY                 Signature of individual signing on behalf of debtor

                                        __Esteban Moraga__
                                        Printed name

                                        __Chief Executive Officer__
                                        Position or relationship to debtor